UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MARK VAUGHAN,                                )
                                             )
          Petitioner,                        )
                                             )
v.                                           )     Nos.   2:13-CR-93-JRG-MCLC-1
                                             )            2:16-CV-133-JRG
UNITED STATES OF AMERICA,                    )
                                             )
          Respondent.                        )

## MEMORANDUM OPINION

Before the Court is the United States's motion to deny and dismiss Petitioner's

supplemented pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §

2255 [Doc. 96]. Petitioner submitted the petition on May 20, 2016 [Docs. 88, 94, 97]. In it, he

challenges his enhancement under Section 4B1.1 of the United States Sentencing Guidelines

based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision

of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*

(suggesting that his sentence is no longer valid because the residual clause in Section 4B1.2 is

equally vague)].[1]

---

[1]     The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a
firearm after having sustained three prior convictions "for a violent felony or a serious drug
offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).
The statute defines "violent felony" as "any crime punishable by imprisonment for a term
exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of
physical force against the person of another" (the "use-of-physical-force clause"); (2) "is
burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause");
or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to
another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual
clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender,"
i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance

## I.     BACKGROUND

In 2014, Petitioner pled guilty to a conspiracy to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 87].  Based on two prior California convictions for drug-trafficking, the United States Probation Office deemed Petitioner to be a career offender [Presentence Investigation Report (PSR) ¶¶ 35, 44, 45, 76].  In accordance with that designation, this Court sentenced Petitioner to 188 months' imprisonment on September 10, 2014 [Doc. 87].  Petitioner did not file a direct appeal of his conviction or sentence.

The Supreme Court decided *Johnson* on June 26, 2015.  Less than one year later, Petitioner filed the instant challenge based on that decision [Doc. 88].  Six months after the original filing—on December 5, 2016, Petitioner supplemented the petition with an equal protection challenge based on *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), *Simmons v. United States*, 649 F.3d 237 (4th Cir. 2011), and *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015) [Doc. 94].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges."  137 S.Ct. 886, 894 (2017).  Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to

---

offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  USSG § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* USSG § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 95].

On April 1, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 96]. In response, Petitioner filed a motion to amend requesting that this Court consider his *Johnson*-based request for sentencing relief in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) [Doc. 97].[2] Specifically, he argues that the California statute that he was twice convicted of violating is indivisible and overly broad [*Id.*].

## II. TIMELINESS OF SUPPLEMENTED PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right

---

[2]    In *Mathis*, the Supreme Court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former; and (2) Iowa's burglary statute— which defines "structure" to include any building, structure, [or] land, water, or air vehicle"— had a broader locational component than generic burglary. 136 S. Ct. at 2247–48, 53–54. Because the "structure" element of Iowa's burglary statute was broader than the parallel element of generic burglary, the Court concluded that the petitioner's prior convictions were incapable of supporting enhancement under the enumerated-offense clause. *Id.* at 2257.

In *Molina-Martinez*, the Supreme Court held that defendants faced with an improperly calculated Guidelines range but sentenced to a term of incarceration falling within the corrected Guideline range are not required to provide some "additional evidence" that an error in calculation affected his or her sentence. 136 S. Ct. at 1345–1349.

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. i.e., he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of the supplemented petition depends on whether submission of the grounds for relief therein complied with subsections (f)(1) and (f)(3).

A.     **Timeliness of Supplemented Petition Under Subsections (f)(1) and (f)(3)**

For purposes of subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's conviction became final on September 24, 2014, fourteen days after the Court entered judgment. *See* Fed. R. App. P.

4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen] days after . . . the entry of . . . judgment."). The window for requesting relief under that subsection expired on September 24, 2015, two-and-a-half years before submission of Petitioner's *Johnson*-based claim [Doc. 88], and three years before submission of his equal protection and *Mathis*-based grounds for collateral relief [Docs. 94, 97].

To the extent Petitioner relies on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting the petition and supplements after September 24, 2015, only his claim for collateral relief based on *Johnson* even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition).

By contrast, Petitioner's *Mathis*-based challenge to use of his prior drug offense as a controlled substance offense under Section 4B1.1(a)(3) does not assert a newly recognized right and thus cannot rely on the one-year filing window under subsection (f)(3). *Mathis* involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599 (1990), and refined in *Descamps v. United States*, 133 S. Ct. 2276 (2013), to a new set of facts. *See Mathis*, 136 S. Ct. at 2281 (citing "longstanding principles" and noting that prior "cases involving the modified categorical approach [had] already made exactly [the same] point"); *Id.* at 2257 ("Our precedents make this a straightforward case. For

more than 25 years, we have repeatedly made clear that application of the ACCA involves, and involves only, comparing elements."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a newly recognized right within the scope of § 2255(f)(3). *See, e.g.*, *Henderson v. United States*, No. 16-00572, 2016 WL 4967898, at *2 (W.D. Mo. Sept. 16, 2016) ("[The] *Mathis* [decision] does not present a new rule or procedure."); *Leone v. United* States, No. 95-00960, 2016 WL 4479390, at *8–9 (S.D. Fla. Aug. 24, 2016) (noting that the *Mathis* decision did not articulate a "new rule" within the meaning of subsection (f)(3)). Similarly, Petitioner's equal protection claim does not assert a newly-recognized right and, even if it did, he submitted the challenge five-and-a-half years after the Supreme Court decided *Holder*. While *Simmons* and *Newbold* are more recent holdings, both are Court of Appeals decisions and thus incapable of triggering subsection (f)(3). As a result, timeliness of the *Mathis*-based and equal protection grounds depend on tolling of subsection (f)(1).

### B.    Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the petition, reply, and supplements does not reveal any extraordinary circumstance justifying Petitioner's failure to challenge the status of his prior drug offense under Section 4B1.1(a)(3) or raise an equal protection claim within the window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) absent evidence of a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because both claims are untimely, they will be dismissed.

## III.    MOTION TO DISMISS WITH PREJUDICE

The supplemented petition contains a single timely collateral challenge: *Johnson* invalidated the identically worded residual clause in Section 4B1.2, Petitioner's prior California drug-trafficking convictions only qualified as predicate offenses under that provision, and he lacks sufficient predicates for career offender enhancement under Section 4B1.1 [Docs. 88, 94, 97].

### A.    Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly

higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**B.      Analysis**

To the extent that Petitioner argues that *Johnson* invalidated the Guidelines residual clause and that his prior California convictions for drug-trafficking cannot be categorized as predicate offenses without that provision, that argument fails because the Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894.  Because *Johnson* did not affect his status as a career offender, that decision cannot serve as a basis for granting relief.  *See United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses).

**IV.      CONCLUSION**

For the foregoing reasons, the United States's motion to deny and dismiss [Doc. 96] will be **GRANTED** and Petitioner's supplemented pro se § 2255 petition [Docs. 88, 94, 97] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
